Order Form (01/2005)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Robert W. Gettleman | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 12 C 3141 | **DATE** | 5/10/2012 |
| **CASE TITLE** | Wail Salem (#2011-0008821) vs. Sheriff Paul Kaupas, et al. | | |

**DOCKET ENTRY TEXT**

Plaintiff's motion for leave to proceed *in forma pauperis* [3] is granted. The Court authorizes the trust fund officer at Plaintiff's place of confinement to deduct $41.97 from Plaintiff's account, and to continue making monthly deductions in accordance with this order. The Clerk shall send a copy of this order to the trust fund officer at the Will County Jail. The Clerk shall also: (1) issue summonses for service of the complaint on Defendants, (2) attach a Magistrate Judge Consent Form to the summonses for Defendants, and (3) send Plaintiff said Form and Instructions for Submitting Documents along with a copy of this order. Counts III-VI of Plaintiff's complaint are dismissed for failure to state a claim. Plaintiff's motion for appointment of counsel [4] is denied without prejudice.

■[For further details see text below.]    Docketing to mail notices.

## STATEMENT

     Plaintiff, Wail Salem, a pretrial detainee at the Will County Jail, has brought this *pro se* civil rights action pursuant to 42 U.S.C. § 1983.

     Plaintiff's motion for leave to proceed *in forma pauperis* is granted. Pursuant to 28 U.S.C. § 1915(b)(1), Plaintiff is assessed an initial partial filing fee of $41.97. The trust fund officer at the Will County Jail is authorized and ordered to collect, when funds exist, the partial filing fee from Plaintiff's trust fund account and pay it directly to the Clerk of Court. After payment of the initial partial filing fee, Plaintiff's trust fund officer is directed to collect monthly payments from Plaintiff's trust fund account in an amount equal to 20% of the preceding month's income credited to the account. Monthly payments shall be forwarded to the Clerk of Court each time the amount in the account exceeds $10 until the full $350 filing fee is paid. All payments shall be sent to the Clerk, United States District Court, 219 S. Dearborn St., Chicago, Illinois 60604, attn: Cashier's Desk, 20th Floor, and shall clearly identify Plaintiff's name and the case number assigned to this action. The trust fund officer shall notify transferee authorities of any outstanding balance in the event Plaintiff is transferred from the jail to another correctional facility.

     Under 28 U.S.C. § 1915A, the Court is required to conduct a prompt review of the complaint.

     Plaintiff raises six counts in his complaint related to the conditions of his confinement at Will County Jail. In Counts I and II, Plaintiff alleges that the excessive lock downs at Will County Jail and lighting in the detainee's cells that remain on 24-hours a day constitute unconstitutional punishment. In Count III, Plaintiff alleges that the mark-up on some commissary items are above the 25% allowed by the County Jail Act. Commissary prices implicate no constitutional right. *See Tenny v. Blagojevich* 659 F.3d 578, 581 (7th Cir. 2011) (finding no due process violation based on commissary overpricing due to no protected property interest in commissary items); *Robinson v. Illinois State Correctional Center (Stateville) Warden*, 890 F. Supp. 715, 718 (N.D. Ill.1995); *Cox v. Quinn*, 2010 WL 2679987, No. 09-1050, * 2 (S.D. Ill. July 2, 2010) (Murphy, J.) (dismissing claim that commissary prices are too high); *Bennett v. Sheahan*, 1999 WL 967534, No. 99-2270, * 4 (N.D. Ill. Oct. 5, 1999) (Holderman, J.) (no protected liberty or property interest in commissary privileges); *Brown v. Gulash*, Case No. 07-cv-370, 2009 WL 2144592, * 5 (S.D. Ill. July 16, 2009) (Gilbert, J.) (no due process or equal protection claim as to excessive commissary pricing). Accordingly, Count III fails to state a claim.

     In Count IV, Plaintiff alleges that the jail requires "unnecessary visiting and PH List." He alleges that visitors

and personal information about the visitors must be placed on a list at least 2 days prior to a visit even though the visits are recorded on video. Plaintiff fails to indicate any basis that such lists implicate a constitutional right. Accordingly, Count IV is dismissed.

In Count V, Plaintiff alleges that the jail is "overcharging for medical services" because it requires detainees to pay $10 for each medical visit but before such medical visits, the detainee must be first seen by a nurse that requires a payment of $7.50. Plaintiff only alleges that the co-pay required in the jail is excessive, he does not allege that his medical care is conditioned on his ability to pay the alleged excessive co-pay. Thus, Count V fails to state a claim. *See Gibson v. Ramsey*, 2004 WL 407025, No. 99 C 5315, * 8 (N.D. Ill. Jan. 29, 2004) (Gettleman, J.) (prisoners may be required to pay a co-pay for medical serves as long as medical care is not conditioned on the prisoner's ability to pay the co-pay).

Lastly, in Count VI, Plaintiff alleges that the law library removed *in forma pauperis* applications to prevent detainees from filing lawsuits. A prisoner must plead that unjustified acts prevented him from pursuing a non-frivolous claim to succeed on an access-to-courts claim. *See Christopher v. Harbury*, 536 U.S. 403, 415 (2002); *Lewis v. Casey*, 518 U.S. 343, 349-53 (1996); *see also Lehn v. Holmes*, 364 F.3d 862, 868 (7th Cir. 2004) (to avoid dismissal of a denial to access to the court claim the plaintiff "had to allege that he had a non-frivolous legal claim that was frustrated or impeded . . . and that he was harmed" by the defendant's action or lack of action); *Antonelli v. Sheahan*, 81 F.3d 1422, 1430 (7th Cir. 1995) (affirming dismissal of claim that his right to access the court was violated because plaintiff failed to plead any detriment to his access to the courts). Here, Plaintiff does not allege that he has been prevented from proceeding on any non-frivolous claim because of the lack of *in forma pauperis* applications, thus, he has failed to state a claim in Count VI.

Based on the above, Plaintiff may proceed on Counts I and II of his complaint, the remaining counts are dismissed for failure to state a claim. Plaintiff names Sheriff Kaupas and Warden O'Leary as Defendants. Plaintiff does not make any specific allegations as to either Defendant. However, Plaintiff alleges a systemic problem within the jail. Accordingly, the named officials must respond to the complaint. *See Antonelli*, 81 F.3d at 1429 (an official can be expected to know of or participate in creating systemic problems).

The United States Marshals Service is appointed to serve the Defendants. Any service forms necessary for Plaintiff to complete will be sent by the Marshal as appropriate to serve Defendants with process. The U.S. Marshal is directed to make all reasonable efforts to serve Defendants. With respect to any former Will County Jail employee who cannot be found at the address provided by Plaintiff, Will County Jail shall furnish the Marshal with Defendant's last-known address. The information shall be used only for purposes of effectuating service [or for proof of service, should a dispute arise] and any documentation of the address shall be retained only by the Marshal. Address information shall not be maintained in the court file, nor disclosed by the Marshal. The Marshal is authorized to mail a request for waiver of service to Defendants in the manner prescribed by Fed. R. Civ. P. 4(d)(2) before attempting personal service.

Plaintiff is instructed to file all future papers concerning this action with the Clerk of Court in care of the Prisoner Correspondent. Plaintiff must include the original and a judge's copy of all filings. In addition, Plaintiff must send an exact copy of any filing to Defendants or, if represented by counsel, to counsel for Defendants. Plaintiff must include on the original filing a certificate of service stating to whom exact copies were mailed and the date of mailing. Plaintiff must also insure all pleadings, written motions, and other papers submitted to the Court are signed pursuant to Fed. R. Civ. P. 11(a). Any paper that is sent directly to the judge or otherwise fails to comply with these instructions may be disregarded by the Court or returned to Plaintiff.

Plaintiff also seeks the appointment of counsel. Civil litigants do not have a constitutional or statutory right to counsel. *See Lewis v. Sullivan*, 279 F.3d 526, 529 (7th Cir. 2002). Nevertheless, a district court may, in its discretion, "request an attorney to represent any person unable to afford counsel." *Gil v. Reed*, 381 F.3d 649, 656 (7th Cir. 2004), *citing* 28 U.S.C. § 1915(e)(1); *Luttrell v. Nickel*, 129 F.3d 933, 936 (7th Cir. 1997). In deciding whether to appoint counsel, the Court must consider: (1) whether, given the degree of difficulty of the case, a plaintiff appears competent to try it himself; and (2) whether the assistance of counsel would provide a substantial benefit to the court or the parties, potentially affecting the outcome of the case. *Gil*, 381 F.3d at 656, *relying on Farmer v. Haas*, 990 F.2d 319, 322 (7th Cir. 1993).

After considering the above factors, the Court concludes that appointment of counsel is not warranted in this case at this time. Plaintiff has articulated a colorable claim and has adequately investigated the facts giving rise to his complaint. Neither the legal issues raised in the complaint nor the evidence that might support Plaintiff's claim are so complex or intricate that a trained attorney is necessary.

| **STATEMENT** |
|---|
| As Plaintiff appears more than capable of presenting his case, the Court declines to appoint counsel for Plaintiff at this time.  It should additionally be noted that the Court grants *pro se* litigants wide latitude in the handling of their lawsuits.  Therefore, Plaintiff's motion for appointment of counsel is denied without prejudice.  Should the case proceed to a point that assistance of counsel is appropriate, the Court may revisit this request. |